

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00177-CV

**JOSEPH "JOEY" GLEN DAUBEN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

---

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 84294**

---

## MEMORANDUM OPINION

---

In this matter, appellant, Joseph "Joey" G. Dauben, challenges the trial court's final judgment ordering the forfeiture of the domain name, elliscountyobserver.com, which was owned and operated by Dauben. After filing his notice of appeal, Dauben filed an affidavit of indigence, requesting that he be allowed to proceed with this appeal free of costs. *See, e.g., Dauben v. State*, No. 10-12-00177-CV, 2012 Tex. App. LEXIS 5256, at *1 (Tex. App.—Waco June 22, 2012, order). The State of Texas filed a contest to Dauben's affidavit of indigence, arguing that Dauben "is not indigent as defined by the

appellate courts." *See id.* We abated this appeal and referred "the matter to the trial court with instructions to hear evidence and grant appropriate relief with regard to appellant's affidavit . . . and the State's contest to appellant's affidavit." *Id.* at *2.

After a hearing at which Dauben and several others testified, the trial court sustained the State's contest to Dauben's affidavit of indigence, ostensibly concluding that Dauben is not indigent. Dauben subsequently appealed the trial court's resolution of the State's contest to his affidavit of indigence. By an order per curiam issued on August 9, 2012, we reinstated this matter and affirmed the trial court's order sustaining the State's contest to Dauben's affidavit of indigence. Further, in that order, we informed Dauben that the clerk's and reporter's records in the underlying appeal had not been filed because Dauben had not arranged for the payment of these records. We also informed Dauben that he had not paid this Court's $175 filing fee for this appeal. Moreover, we notified Dauben that the underlying appeal is subject to dismissal if he failed to pay, or make arrangements to pay, for the clerk's and reporter's records and this Court's filing fees within twenty-one days of the date of the order. More than twenty-one days have passed since we issued our August 9, 2012 order per curiam, and Dauben has neither paid nor made arrangements to pay for the clerk's and reporter's records or this Court's filing fees. In addition, Dauben has not informed this Court of any actions he has taken to pay for the records and this Court's filing fees. Accordingly, this appeal is dismissed for want of prosecution. *See* TEX. R. APP. P. 37.3(b), 42.3(b).

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. *See id.* at R. 12.1(b); Appendix to TEX. R. APP. P.,

Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see also id.* at R. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51.208, 51.941(a) (West 2005 & Supp. 2011). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed. *See, e.g., Davis v. Cogdell*, No. 10-12-00023-CV, 2012 Tex. App. LEXIS 2519, at *2 (Tex. App.—Waco Mar. 28, 2012, no pet.) (mem. op.).


                                            AL SCOGGINS
                                            Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal dismissed
Opinion delivered and filed September 20, 2012
[CV06]